# WARD v. STATE OF FLORIDA
## Case No. 84-2592-CA-01-B
Seventh Judicial Circuit, Volusia County

September 11, 1985

### APPEARANCES OF COUNSEL

**Richard B. Orfinger** for appellant.

**Peter B. Heebner** for appellee.

### OPINION OF THE COURT

R. MICHAEL HUTCHESON, Circuit Judge.

ORAL ARGUMENTS were held before the Court in the above-captioned County Court appeal on August 30, 1985.

The Defendant/Appellant, Paul Wayne Ward, appealed a ruling by County Judge Gayle Graziano rendered on June 20, 1984, wherein

following a plea of nolo contendere, she adjudicated said Defendant guilty and imposed a $35.00 fine to be paid within 10 days or after any unsuccessful appeal.

The Defendant/Appellant had been issued a summons to appear for violation of City Ordinance 82-17 of the City of Daytona Beach Shores, which prohibited, among other things, the parking of boats on the beach, soft sand, and dune areas from sunset to sunrise.

By Order dated May 15, 1984, Judge Graziano denied the Defendant's first and second motions to dismiss, which is the basis of this appeal.

After having considered the record on appeal, the briefs filed by the parties, and the oral arguments of the attorneys, the Court makes the following findings:

1. That said Ordinance is a reasonable exercise of the City's valid police power.

2. That said Ordinance does not unconstitutionally impair the Defendant/Appellant's property rights as a riparian property owner.

3. That the City had jurisdiction to enact said Ordinance and that such regulation had not been preempted by the State of Florida.

4. That said Ordinance does not violate the public trust doctrine as contained in Article 10, Section 11, of the Florida Constitution.

5. That the Courts of this state are not allowed to substitute their judgment and opinion for that of legislative bodies and that the record does reflect that said Ordinance is reasonable and that it bears a direct relationship to the public good.

As a personal note, this Judge has been using the beaches ranging from Ponce Inlet to North of Ormond Beach, both for surf fishing and playing, since 1947, first, as a child himself and now, with his own children.

While, for my own selfish reasons, I do not like to give up any of my previous unrestricted use of our local beaches, this Court finds that it, just as Judge Graziano could not do, cannot substitute its own judgment and opinion for that of the local legislative bodies and that there was sufficient evidence before the City of Daytona Beach Shores, which was fairly debatable as to the reasonableness of said Ordinance.

Accordingly, the Order denying the first and second motions to dismiss and the sentence imposed are hereby affirmed.